[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 611.]

BLACK ET AL., APPELLANTS, *v*. ALLSTATE INSURANCE COMPANY, APPELLEE.

[Cite as *Black v. Allstate Ins. Co.*, 2001-Ohio-1801.]

*Insurance—Motor vehicles—Court of appeals' judgment reversed and cause remanded for determination consistent with, if applicable, Ohayon v. Safeco Ins. Co. of Illinois, Wolfe v. Wolfe, and Csulik v. Nationwide Mut. Ins. Co.*

(No. 99-796—Submitted October 31, 2001—Decided November 28, 2001.)

APPEAL from the Court of Appeals for Scioto County, No. 98CA2597.

_____

**{¶ 1}** The judgment of the court of appeals is reversed, and the cause is remanded for a determination consistent with the court's decisions, if applicable, in *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206; *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261; and *Csulik v. Nationwide Mut. Ins. Co.* (2000), 88 Ohio St.3d 17, 723 N.E.2d 90.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

**{¶ 2}** I respectfully dissent. Today's majority reverses the court of appeals' determination that because Ohio law applies to the insurance policy involved in this case, the trial court properly decided that the plaintiffs were not entitled to recover underinsured motorist benefits. In so doing, the majority creates issues where none exist and then uses those issues to remand this cause when there is no basis for doing so.

**{¶ 3}** The trial court held that under the applicable Ohio law, the plaintiffs are not entitled to recover underinsured motorist benefits. The court of appeals affirmed based on the same reasoning. Even the plaintiffs have conceded that under

the Ohio law in effect at the relevant time, they would not be entitled to recover underinsured motorist benefits. Thus, this is not a case in which the parties dispute which *version* of Ohio law was in effect at the time in question. See *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261. This is not a case in which a court must yet determine the *effect* of applying the relevant Ohio law. See *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 486, 747 N.E.2d 206, 216, fn. 1. And this is not even a case in which the plaintiffs contend that a claimed ambiguity in the underinsured motorist policy *language* could render Ohio law inapplicable. Cf. *Ohayon*, 91 Ohio St.3d at 483-484, 747 N.E.2d at 214-215 (discussing *Csulik v. Nationwide Mut. Ins. Co.* [2000], 88 Ohio St.3d 17, 723 N.E.2d 90). Instead, the only issue before this court is whether the law of Ohio or West Virginia should determine the parties' rights and duties under the contract of insurance. Because Ohio law applies, and because the lower courts have *already determined* the case disposition resulting from the application of the appropriate version of Ohio law, there remains nothing more for the lower courts to do. Today's order of remand potentially opens the door for argument over issues (regarding ambiguity and which version of what statute applies) that no party has suggested exist.

{¶ 4} I would therefore affirm the judgment of the court of appeals based on the choice-of-law analysis set forth in *Ohayon*.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

—————————————

*Ruggiero & Haas Co.* and *John R. Haas*, for appellants.

*Crabbe, Brown, Jones, Potts & Schmidt, Theodore D. Sawyer* and *Daniel J. Hurley*, for appellee.

—————————————